1  Jennifer Pafiti (SBN 282790)
   **POMERANTZ LLP**
2  468 North Camden Drive
   Beverly Hills, CA 90210
3  Telephone: (310) 285-5330
   E-mail: jpafiti@pomlaw.com
4
   **POMERANTZ LLP**
5  Jeremy A. Lieberman
   J. Alexander Hood II
6  Marc C. Gorrie
   600 Third Avenue, 20th Floor
7  New York, New York 10016
   Telephone: (212) 661-1100
8  Facsimile: (212) 661-8665
   Email: jalieberman@pomlaw.com
9         ahood@pomlaw.com
          mgorrie@pomlaw.com
10
   **POMERANTZ LLP**
11 Patrick V. Dahlstrom
   10 South La Salle Street, Suite 3505
12 Chicago, Illinois 60603
   Telephone: (312) 377-1181
13 Facsimile: (312) 377-1184
   Email: pdahlstrom@pomlaw.com
14
   *Attorneys for Plaintiff*
15
                    **UNITED STATES DISTRICT COURT**
16                  **CENTRAL DISTRICT OF CALIFORNIA**

17  KEVIN M. GROOMS, Individually            No.
    and on Behalf of All Others Similarly
18  Situated,                                **CLASS ACTION**

19                          Plaintiff,       **COMPLAINT FOR
                                             VIOLATION OF THE
20            v.                             FEDERAL SECURITIES
                                             LAWS**
21  CAPSTONE TURBINE CORP.,
    DARREN R. JAMISON, EDWARD I.             **DEMAND FOR JURY TRIAL**
22  REICH, and JAYME BROOKS,

23                          Defendants.

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

1  Plaintiff Kevin M. Grooms ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Capstone Turbine Corp. ("Capstone" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action brought on behalf of a class consisting of all persons and entities, other than defendants and their affiliates, who purchased the securities of Capstone from July 7, 2014 and June 25, 2015, inclusive (the "Class Period").  Plaintiff seeks to pursue remedies against Capstone and certain of its officers and directors for violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act").

2. Defendant Capstone develops, manufactures, markets and services microturbine technology solutions for use in stationary distributed power generation applications, including cogeneration (combined heat and power, integrated combined heat and power, and combined cooling, heat and power),

renewable energy, natural resources, and critical power supply.  In addition, the Company's microturbines can be used as battery charging generators for hybrid electric vehicle applications.  Microturbines can purportedly produce power on-site in parallel with the electric grid or stand alone when no utility grid is available.

3. Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (1) that BPC Engineering ("BPC"), one of the Company's main Russian distributors, was unlikely to be able to fulfill many of its legal and financial obligations to Capstone; (2) that Capstone failed to make appropriate adjustments to its accounts receivable and backlog to account for BPC's inability to fulfill its obligations to Capstone; (3) that, as such, Capstone issues financial statements in violation of Generally Accepted Accounting Principles ("GAAP"); (4) that, as a result of the foregoing, the Company's financial statements, as well as Defendants' statements about Capstone's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

4. On October 1, 2015, Capstone issued a press release disclosing that its preliminary second quarter earnings were "notably below management's expectations and analysts' consensus estimates as continued headwinds in the oil and gas market and a strong U.S. dollar delayed orders and shipments in the

quarter." The Company further disclosed that it "received no significant payments from its Russian distributor, who until recently was one of [its] largest customers."

5. On this news, shares of Capstone fell $0.09 per share, or more than 25%, to close at $0.25 on October 1, 2015, on unusually heavy trading volume.[1]

6. On November 5, 2015, after the market closed, Capstone disclosed its second quarter 2015 results. The Company disclosed a net loss of $7.9 million, or $0.02 per share, for the quarter.

7. On this news, Shares of Capstone fell $0.02, or more than 7%, to close at $0.20 on November 6, 2015, on unusually heavy trading volume.

8. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

9. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

10. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

11. Venue is proper in this District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as Capstone's principal place of business is located within this District.

---

[1] On November 9, 2015, after the end of the Class Period, the Company completed a 1:20 reverse stock split; the prices used in this complaint reflect the pricing, and losses incurred by investors, using the pre-stock split trading prices.

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS                                    -4-

12. In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

13. Plaintiff, as set forth in the accompanying Certification, which is incorporated by reference herein, purchased the securities of Capstone at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

14. 14. Defendant Capstone is a Delaware corporation with its principal executive offices located at 21211 Nordhoff Street, Chatsworth, California. Capstone's common stock is traded under the ticker symbol "CPST" on the NASDAQ, an efficient market.

15. Defendant Darren R. Jamison ("Jamison") has served at all relevant times as President and Chief Executive Officer of Capstone.

16. Defendant Edward I. Reich ("Reich") was Executive Vice President and Chief Financial Officer ("CFO") of Capstone until April 2015.

17. Defendant Jayme Brooks ("Brooks") has served as CFO and Chief Accounting Officer of Capstone since April 2015.

18. The Defendants referenced above in ¶¶ 15-17 are sometimes referred to herein, collectively, as the "Individual Defendants.

## SUBSTANTIVE ALLEGATIONS

### Background

19. Defendant Capstone develops, manufactures, markets and services microturbine technology solutions for use in stationary distributed power generation applications, including cogeneration (combined heat and power, integrated combined heat and power, and combined cooling, heat and power), renewable energy, natural resources, and critical power supply. In addition, the Company's microturbines can be used as battery charging generators for hybrid electric vehicle applications. Microturbines can purportedly produce power on-site in parallel with the electric grid or stand alone when no utility grid is available.

### Materially False and Misleading Statements Issued During the Period

20. Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (1) that BPC, one of the Company's main Russian distributors, was unlikely to be able to fulfill many of its legal and financial obligations to Capstone; (2) that Capstone failed to make appropriate adjustments to its accounts receivable and backlog to account for BPC's inability to fulfill its obligations to Capstone; (3) that, as such, Capstone issues financial statements in violation of GAAP; (4) that, as a result of the foregoing, the Company's financial statements, as well as Defendants'

statements about Capstone's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

### The Truth Begins To Emerge

21. On October 1, 2015, Capstone issued a press release disclosing that its preliminary second quarter earnings were "notably below management's expectations and analysts' consensus estimates as continued headwinds in the oil and gas market and a strong U.S. dollar delayed orders and shipments in the quarter." The Company further disclosed that it "received no significant payments from its Russian distributor, who until recently was one of [its] largest customers."

22. On this news, shares of Capstone fell $0.09 per share, or more than 25%, to close at $0.25 on October 1, 2015, on unusually heavy trading volume.

23. On November 5, 2015, after the market closed, Capstone disclosed its second quarter 2015 results. The Company disclosed a net loss of $7.9 million, or $0.02 per share, for the quarter.

24. On this news, Shares of Capstone fell $0.02, or more than 7%, to close at $0.20 on November 6, 2015, on unusually heavy trading volume.

25. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

### PLAINTIFF'CLASS ACTION ALLEGATIONS

26. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Capstone securities during the Class Period

(the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

27. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Capstone Class Period, securities of Capstone were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believe that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Capstone or their transfer agents and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

28. Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law complained of herein.

29. Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class action and securities litigation.

30. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Capstone;

- whether the Individual Defendants caused Capstone to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Capstone securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and,

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

31. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

32. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Capstone securities are traded in efficient markets;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ, and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased and/or sold Capstone securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

33. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

34. Alternatively, Plaintiffs and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### (Against All Defendants For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder)

35. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

36. This Count is asserted against defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

37. During the Class Period, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Capstone securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Capstone securities and options at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

38. Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Capstone securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose

material adverse information and misrepresented the truth about Capstone's finances and business prospects.

39. By virtue of their positions at Capstone, defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to defendants. Said acts and omissions of defendants were committed willfully or with reckless disregard for the truth. In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

40. Defendants were personally motivated to make false statements and omit material information necessary to make the statements not misleading in order to personally benefit from the sale of Capstone securities from their personal portfolios.

41. Information showing that defendants acted knowingly or with reckless disregard for the truth is peculiarly within defendants' knowledge and control. As the senior managers and/or directors of Capstone, the Individual Defendants had knowledge of the details of Capstone's internal affairs.

42. The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly,

control the content of the statements of Capstone. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Capstone's businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Capstone securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning Capstone's business and financial condition which were concealed by defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Capstone securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by defendants, and were damaged thereby.

43. During the Class Period, Capstone securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Capstone securities at prices artificially inflated by defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Capstone securities was substantially lower than the prices paid by Plaintiff and the other members of

the Class. The market price of Capstone securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

44. By reason of the conduct alleged herein, defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

45. As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

**(Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)**

46. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47. During the Class Period, the Individual Defendants participated in the operation and management of Capstone, and conducted and participated, directly and indirectly, in the conduct of Capstone's business affairs. Because of their senior positions, they knew the adverse non-public information about Capstone's misstatement of income and expenses and false financial statements.

48. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Capstone's financial condition and results of operations, and to

correct promptly any public statements issued by Capstone which had become materially false or misleading.

49. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Capstone disseminated in the marketplace during the Class Period concerning Capstone's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Capstone to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Capstone within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Capstone securities.

50. Each of the Individual Defendants, therefore, acted as a controlling person of Capstone. By reason of their senior management positions and/or being directors of Capstone, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Capstone to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of Capstone and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

51. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Capstone.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: November 25, 2015

Respectfully submitted,

**POMERANTZ LLP**

By: *s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (310) 285-5330
E-mail: jpafiti@pomlaw.com

**POMERANTZ, LLP**
Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
600 Third Avenue, 20th Floor

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

New York, New York 10016
Telephone: (212) 661-1100
Facsimile:(212) 661-8665

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
E-mail: pdahlstrom@pomlaw.com

*Attorneys for Plaintiff*